IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larry James Tyler, | ) Civil Action No.: 9:11-cv-3351-RMG |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| Darlington Detention Center; | ) |
| Mitch Stanley, | ) |
| | ) |
| Defendants. | ) |

Plaintiff, proceeding *pro se* and *in forma pauperis* under 28 U.S.C. § 1915, brings this action pursuant to 42 U.S.C. § 1983. As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) DSC. On February 22, 2012, the Magistrate issued a Report and Recommendation finding that the Plaintiff's Complaint fails to state a claim upon which relief may be granted and recommending that the Complaint be dismissed without prejudice and without issuance and service of process. (Dkt. No. 11). In the Report and Recommendation, the Magistrate instructed Plaintiff of the deadline for filing objections to the Report and Recommendation and the serious consequences for failing to do so. (*Id.* at 4). Nevertheless, Plaintiff failed to file any objections to the Report and Recommendation. As explained herein, the Court agrees with the findings and recommendation of the Magistrate, adopts the Magistrate's Report and Recommendation in its entirety, and dismisses Plaintiff's Complaint without prejudice and without issuance and service of process.

### Law/Analysis

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this

1

Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Where, as here, the Plaintiff fails to file any specific objections, the Magistrate Judge's conclusions may be reviewed only for clear error, *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Plaintiff, a pretrial detainee in Darlington Detention Center, alleges in his Complaint that he is "being denied access to the law books where I can prepare a defense for myself before going to Court." (Dkt. No. 1 at 2). Plaintiff also alleges that the warden of the detention center, Defendant Mitch Stanley, will not allow Plaintiff to examine law books for Plaintiff's defense. (*Id.*). The only relief sought by Plaintiff is that the Court order the warden to give Plaintiff access to a law library so that Plaintiff can prepare himself for his trial. (*Id.* at 4). As explained by the Magistrate, Plaintiff's Complaint fails to state a claim upon which relief may be granted. While prisoners have a right to meaningful access to the courts, the United States Supreme Court has held that this right requires *either* that prison authorities provide prisoners with adequate law libraries *or* adequate assistance from persons trained in the law. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Plaintiff has not alleged that he has been denied access to counsel to assist him in his defense. Further, Plaintiff has not specifically alleged an actual injury, which is required for a claim based on a prisoner's denial of access to the courts. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (holding that, in a claim based on denial of access to the courts, "a

prisoner cannot rely on conclusory allegations" and must "identify an actual injury resulting from official conduct"); *May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000) (holding that, to prove a violation of the right to access to the courts, "a plaintiff must demonstrate that state action hindered his or her efforts to pursue a nonfrivolous legal claim and that consequently the plaintiff suffered some actual concrete injury").

## Conclusion

For the foregoing reasons, the Court adopts the Report and Recommendation of the Magistrate Judge and dismisses Plaintiff's Complaint without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel

United States District Court Judge

March 22, 2012

Charleston, South Carolina